IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DIXIE GRALEY BRUMLOW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case: 1:07-cv-01667-RMC |
| v. | ) | |
| | ) | |
| GRAHAM & GRAHAM CO., LPA, | ) | |
| | ) | |
| Defendant. | ) | |

## MOTION TO DISMISS

COMES NOW Defendant Graham & Graham Co., LPA (the "Firm"), incorrectly named in the Complaint as Graham & Graham, by counsel, and moves this Court for an Order dismissing the Complaint against it for lack of personal jurisdiction under Fed. Rule Civ. P. 12(b)(2) and on the grounds that the Complaint is barred by the doctrine of res judicata.  In support of this Motion, the Firm relies on the accompanying Statement of Points and Authorities.

WHEREFORE, Defendant Graham & Graham Co., LPA respectfully requests that the Complaint be dismissed with prejudice and that it be awarded its attorneys' fees and costs, together with such other and further relief as the Court may deem just and proper.

GRAHAM & GRAHAM CO., LPA

By: _____/s/_____
                    Counsel

Megan S. Ben'Ary (D.C. Bar No. 439340)
LeClairRyan, A Professional Corporation
225 Reinekers Lane, Suite 700
Alexandria, Virginia 22314
703-684-8007
703-684-8075 (facsimile)

Of Counsel:

Charles M. Sims
LeClairRyan, A Professional Corporation
951 East Byrd Street
Eighth Floor
Richmond, Virginia 23219
804-343-5091
804-783-7655 (facsimile)

**Counsel for the Plaintiff**

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

DIXIE GRALEY BRUMLOW,  )
  )
  Plaintiff,  )
  )  Case: 1:07-cv-01667-RMC
v.  )
  )
GRAHAM & GRAHAM CO., LPA,  )
  )
  Defendant.  )

## STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

COMES NOW Defendant Graham & Graham Co., L.P.A. (the "Firm"), incorrectly named in the Complaint as Graham & Graham, by counsel, and submits this Statement of Points and Authorities in support of its Motion to Dismiss.

### I.    BACKGROUND

1.    The Firm is a professional corporation located in the state of Ohio, licensed to provide legal services and representation in Ohio. *See* Affidavit of Robert P. Graham, Esq. (hereinafter "Aff.") at ¶ 8, attached hereto as "Exhibit A."

2.    In early 2006, Plaintiff Dixie Graley Brumlow ("Brumlow") delivered a variety of documents to the Firm and requested legal representation. Aff. at ¶ 2.

3.    After review of those documents, the Firm declined to represent Ms. Brumlow. Aff. at ¶ 3.

4.    On March 5, 2007, Plaintiff filed a Complaint against the Firm in the Court of Common Pleas of Muskingum County, Ohio. Aff. at ¶ 4; *see also* Muskingum County Complaint, Case No. 2007-0142, hereinafter the "Ohio Complaint," attached hereto as "Exhibit B."

5.    In her Complaint, Plaintiff alleged legal malpractice on the part of the Firm, specifically that the Firm "ruined all [her] lawsuits" by sending a copy of the documents to the Muskingum County Grievance Committee. *See* Exhibit B.

6.    On May 7, 2007, the Firm's motion for summary judgment on the issue of the statute of limitations was granted and Ms. Brumlow's Complaint was dismissed with prejudice. Aff. at ¶ 7; *see also* Ohio Judgment Entry Order, attached hereto as "Exhibit C."

7.    On September 20, 2007, Ms. Brumlow filed this Complaint against the Firm in the United States District Court for the District of Columbia, raising claims identical to those asserted in the prior litigation.

## II.    ARGUMENT

### A.    <u>The Complaint is barred by the doctrine of res judicata.</u>

Even in the event that Ms. Brumlow's allegations in the Complaint were sufficient to state a claim, this claim would be barred by the doctrine of <u>res judicata</u>. "[A] federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment is rendered." <u>Migra v. Warren City School District Board of Education</u>, 465 U.S. 75, 81 (1984).

Ms. Brumlow is attempting to re-litigate in federal court a claim that has already been concluded on the merits in state court. The Ohio Complaint, which was dismissed with prejudice, raised the identical claims that are now asserted in the present action. In the Ohio Complaint, Ms. Brumlow alleged that the Firm sent copies of her documents to the Muskingum County Grievance Committee, thereby "ruining" her lawsuits. In the

present Complaint, Ms. Brumlow reiterates the same allegation, that the Firm sent copies of her documents to the Grievance Committee and thus "ruined" her lawsuits.

The elements of res judicata in the District of Columbia are: (1) an identity of parties; (2) a judgment from a court of competent jurisdiction; (3) a final judgment on the merits; and (4) an identity of the cause of action. Evans v. Chase Manhattan Mortg. Corp., 2007 U.S. Dist. LEXIS 20773 (D.D.C. 2007).

Each of these elements is satisfied here. The parties in the Ohio Complaint and the instant Complaint are the same, there was a final judgment on the merits from the Ohio Court, and Ms. Brumlow once again raises the same cause of action against the Firm herein (to the extent a cause of action is stated). Therefore, the Complaint filed in this Court is barred by res judicata.

### B.    The Complaint should be dismissed for lack of personal jurisdiction.

This action should be dismissed because the Court lacks personal jurisdiction over the Firm pursuant to Fed. R. Civ. P. 12(b)(2). When personal jurisdiction is challenged, the plaintiff has the burden of establishing jurisdiction by preponderance of the evidence. Abel v. Montgomery Ward Co., 798 F. Supp. 322 (E.D. Va. 1992).

Personal jurisdiction can be general or specific. See Helicopteros Nacionales de Colombia, S. A. v. Hall, 466 U. S. 408 (1984). In the District of Columbia, general personal jurisdiction is traditionally based on whether the defendant's contacts with the District were "continuous and systematic." Gorman v. Ameritrade Holding Corp., 352 U.S. App. D.C. 229 (D.C. Cir. 2002). In contrast, specific personal jurisdiction examines 1) whether this is a basis for jurisdiction under the state's long arm statute, and if so, 2) whether sufficient minimum contacts exist to satisfy due process such that the

maintenance of the suit does not offend traditional notions of fair play and substantial justice. See International Shoe Co. v. Washington, 326 U.S. 310 (1945); Heller v. Nicholas Applegate Capital Mgmt., LLC, 498 F. Supp. 2d 100 (D.D.C. 2007).

In the present action, the Court lacks both general and specific personal jurisdiction over the Firm. Ms. Brumlow is an Ohio resident. Complaint at p. 1. The Firm is a professional corporation, registered in the state of Ohio, with its principal place of business in Ohio. Aff. at ¶ 8. The Firm is neither incorporated to do business in the District of Columbia, nor registered to do business in the District of Columbia. Aff. at ¶ 9. The Firm has no regular place of business in the District of Columbia, and owns no real property in the District of Columbia. Aff. at ¶¶ 9, 10. All of the events giving rise to the allegations in the Complaint occurred in Ohio. Aff. at ¶ 11. No cause of action arises under the District's Long-Arm statute. Thus, this Court lacks personal jurisdiction over the Firm and the Complaint should be dismissed with prejudice.

### III.    CONCLUSION

For the foregoing reasons, the Firm requests that this Court enter an Order dismissing Plaintiff's Complaint with prejudice.

WHEREFORE, Defendant Graham & Graham Co., L.P.A. respectfully requests that the Complaint be dismissed with prejudice and that it be awarded its attorneys' fees and costs, together with such other and further relief as the Court may deem just and proper.

GRAHAM & GRAHAM CO., LPA

By: _____/s/_____
                Counsel

4

Megan S. Ben'Ary (D.C. Bar No. 439340)
LeClairRyan, A Professional Corporation
225 Reinekers Lane, Suite 700
Alexandria, Virginia 22314
703-684-8007
703-684-8075 (facsimile)

Of Counsel:

Charles M. Sims
LeClairRyan, A Professional Corporation
951 East Byrd Street
Eighth Floor
Richmond, Virginia 23219
804-343-5091
804-783-7655 (facsimile)

*Counsel for the Plaintiff*

## CERTIFICATE OF MAILING

I hereby certify that a true copy of the foregoing was mailed, postage prepaid, to the Plaintiff, Dixie Graley Brumlow, 16206 S. River Road, Ohio 43756, this 15th day of October, 2007.

/s/
_____
Megan S. Ben'Ary

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

DIXIE GRALEY BRUMLOW,                )
                                     )
          Plaintiff,                 )
                                     )    Case: 1:07-cv-01667-RMC
v.                                   )
                                     )
GRAHAM & GRAHAM CO., LPA,            )
                                     )
          Defendant.                 )

## AFFIDAVIT OF ROBERT P. GRAHAM, ESQ.

I, Robert P. Graham, having been duly sworn and cautioned according to law, swear or affirm the following is true:

1.  I am an attorney at law practicing as a partner in the Graham & Graham Co., LPA law firm.

2.  In early 2006, Dixie Graley Brumlow delivered a variety of documents to Graham & Graham Co., LPA and requested legal representation.

3.  After review of the documents, Graham & Graham Co. LPA declined to represent Ms. Brumlow.

4.  On March 5, 2007, the Plaintiff Dixie Graley Brumlow filed suit against Graham & Graham Co., LPA in the Court of Common Pleas in Muskingum County Ohio.

5.  A true and accurate copy of the Plaintiff's Muskingum County Complaint is attached herein as Exhibit B.

6.  On May 7, 2007, Graham & Graham Co., LPA's motion for summary judgment on the statute of limitations was granted and the Plaintiff's Complaint was dismissed with prejudice.

7.  A true and accurate copy of the May 7, 2007 Judgment Order is attached herein as Exhibit C.

8.  Graham & Graham Co., LPA is a professional corporation registered in the State of Ohio.

9.  Graham & Graham Co., LPA is not licensed to transact business in the District of Columbia and does not transact business in the District of Columbia.



EXHIBIT

_A_

10. Graham & Graham Co., LPA owns no real property in the District of Columbia.

11. All of the incidents giving rise to the allegations in the Complaint arose in the State of Ohio.

_____

Robert P. Graham

Sworn to and subscribed before me under oath this 15th day of October, 2007.

WENDY ASHBY
Notary Public, State of Ohio
My Commission Expires
8/18/2012

Notary Public

Court of Common Pleas, Muskingum County, Zanesville, Ohio

# S U M M O N S

Rule 4 1970 Ohio Rules of Civil Procedure

Case Number **CA2007-0142**

**DIXIE GRALEY BRUMLOW**
**10206 S RIVER RD**
**MCCONNELSVILLE, OH 43756**
        Plaintiff(s)

vs.                                **Summons on Complaint**

**JACK MCCLELLAND**
**17 N 4TH 3RD FLOOR**
**ZANESVILLE, OH 43701**
        Defendant(s)

To the above named defendant(s):

        You are hereby summoned that a complaint (a copy of which is attached and made a part hereof) has been filed against you in this court by the plaintiff(s) named herein.

        You are required to serve upon the plaintiff(s) attorney, or upon the plaintiff(s) if (s)he has no attorney of record, a copy of your answer to the complaint within 28 days after service of this summons upon you, exclusive of the day of service.  Said answer must be filed with this court within three days after service on Plaintiff(s) Attorney.

        The name and address of the plaintiff(s) attorney is as follows:

                        PRO SE

        If you fail to appear and defend, judgment by default will be taken against you for the relief demanded in the complaint.

                                Todd A. Bickle
                                Clerk of Courts

Date    March 5, 2007

                        By: _____
                                Deputy

ALL-STATE LEGAL® **EXHIBIT** B

COURT OF COMMON PLEAS
OF MUSKINGUM COUNTY OHIO
Clerk of Courts

740-674-6919
DIXIE GRALEY Brumlow
10206 S River Rd,
McConnesville OH 43756

COMPLAINT PREFIX CA
PROfessional TORT
CA07-0142 07

VS

SERIAL CA
NUMBER

GRAHAM-GRAHAM
LAWFIRM - JACK McClelland
JAMES RANSBOTTOM

17 N 4th
3rd Floor Zanesville OH
43701

JUDGE

I SENT my lawsuits To ATTORNEY Ransbottom
They made A Mistake and Sent Them To The Muskingum
Co GRIEVANCE Committee - OHIO - Jeff Pattison, Then
To Susan Small. I never Told The GRAHAM + GRAHAM
LAW FIRM To Send The LAWSUITS To The GRIEVANCE
Committee. I WANTED JAMES RANSBOTTOM (ATTORNEY)
Represent me for The lawsuits. They Ruined All my
my LAWSUITS.
SUE To get All The Lawsuits back and file AND Pay for
Them, SUE To make me have PROTECTION from ANY
other lawsuits AGAINST ME,    GRAHAM +
SUE for 20 Million Dollars, The GRAHAM LAW FIRM
the JACK McCelland - Business - Eagle STICKS. ___ (Quit
COURCE
SUE for Their Pensions and Property
no ATTORNEY                    Dixie Graley Brumlow
DIXIE GRALEY-Brumlow
10206 S River Rd McConnesville OH 43756

R. Graham

## IN THE MUSKINGUM COUNTY COURT OF COMMON PLEAS

DIXIE GRALEY BRUMLOW,

     Plaintiff,

vs.

GRAHAM & GRAHAM CO LPA,

JAMES R. RANSBOTTOM,

and JACK C. McCLELLAND,

     Defendants.

CASE NO. CA2007-0142

JUDGE FLEEGLE

2007 MAY -7 PM 3: 28
FILED COMMON PLEAS COURT OHIO

## JUDGMENT ENTRY ON DEFENDANTS' MOTION
## FOR SUMMARY JUDGMENT

    On November 28, 2007, defendants Jack McClelland, James Ransbottom, and Graham & Graham Co. LPA moved for summary judgment as to plaintiff Dixie Graley Brumlow's complaint for legal malpractice. The motion was supported by the allegations of the complaint, the affidavit of Robert P. Graham, and documentary exhibits authenticated by that affidavit. Defendants argued they were entitled to summary judgment dismissing plaintiff's complaint with prejudice as a matter of law for reasons including the bar of the statute of limitations.

    On April 2, 2007, plaintiff filed a response admitting that she learned of the defendants' decision not to offer her representation more than one year prior to her commencement of this action. Plaintiff's response did not dispute that Graham & Graham CO. LPA informed plaintiff in writing more than one year prior to the date on which this action was commenced that copies of her documents had been provided to the Muskingum County Bar Association's certified Grievance Committee. These are the circumstances which the complaint alleges to have constituted legal malpractice.

    The statute of limitations for a legal malpractice action is one year from the date the plaintiff knew or should have known of the circumstances allegedly constituting malpractice, or the date on which representation ceases, whichever begins later. The Court finds there is no



EXHIBIT
C

dispute that plaintiff was informed that Graham & Graham Co LPA had provided copies of her documents to the Muskingum County Bar Association's certified Grievance Committee, and that defendants had declined to undertake plaintiff's representation, more than one year before commencement of this action. Since these are the circumstances allegedly constituting malpractice, defendants' interposition of the statute of limitations bar entitles them to an order dismissing plaintiff's action with prejudice.

It is therefore ORDERED, ADJUDGED and DECREED that defendants' motion for summary judgment on the statute of limitations bar is granted; that the other grounds on which defendants requested summary judgment are therefore moot; and that the complaint is hereby dismissed with prejudice at plaintiff's cost.

SO ORDERED.

MAY - 7 2007
_____
Date

Judge Mark Fleegle