IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| DIXIE GRALEY BRUMLOW, )<br>)<br>    Plaintiff, )<br>) <br>v. )<br>)<br>GRAHAM & GRAHAM CO., LPA, )<br>)<br>    Defendant. ) | Case: 1:07-cv-01667-RMC |

**DEFENDANT GRAHAM & GRAHAM CO., LPA'S**
**REPLY IN SUPPORT OF MOTION TO DISMISS**

COMES NOW Defendant Graham & Graham Co., LPA (the "Firm"), incorrectly named in the Complaint as "Graham & Graham," by counsel, and submits this Reply in Support of its Motion to Dismiss the Complaint filed against it for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2) and on the grounds that the Complaint is barred by the doctrine of res judicata.[1] In further support of its Motion to Dismiss, the Firm states as follows:

    A.    **The Complaint Should Be Dismissed For Lack Of Personal Jurisdiction.**

As detailed in the Statement of Points and Authorities in Support of its Motion to Dismiss, the Complaint should be dismissed because this Court lacks personal jurisdiction over the Firm pursuant to Fed. R. Civ. P. 12(b)(2). In her Opposition, Plaintiff Dixie Graley Brumlow ("Plaintiff") fails to rebut any of the arguments asserted by the Firm regarding why this Court lacks personal jurisdiction. Plaintiff also fails to dispute any of the statements made by Robert P. Graham, Esq. in his Affidavit, attached to the Motion to Dismiss as "Exhibit A," which sets forth all facts in support of the Firm's position that it lacks the requisite contacts with the District of Columbia to establish jurisdiction in this matter. Plaintiff has not affirmatively alleged any facts

---

[1] The Firm files this Reply in response to the Plaintiff's Opposition to its Motion to Dismiss, entitled "Motion Not to Dismiss" (hereinafter "Opposition").

that would indicate that this Court has personal jurisdiction over the Firm, and moreover, Plaintiff fails to even address the issue of personal jurisdiction in her Opposition. Given the Plaintiff's lack of opposition, the Firm's Motion to Dismiss on the grounds that this Court lacks personal jurisdiction should be treated as unopposed and this matter should be dismissed with prejudice.

### B.    The Complaint Is Barred By The Doctrine Of Res Judicata.

The Complaint should also be dismissed because it is barred by the doctrine of <u>res judicata</u>, and Plaintiff again fails to rebut any of the arguments advanced by the Firm on this issue. In her Opposition, Plaintiff states that this "is not the case that was heard in 2007 in [Ohio]. This case was filed July 26, 2006 – Received Nancy Mayer Worthington Clerk US District Court 1 year before the [Ohio case]." Plaintiff appears to believe that the Firm's <u>res judicata</u> argument is based on a case that she previously filed in the United States District Court for the District of Columbia. That is incorrect. The Firm has tried in vain to determine what case Plaintiff refers to as having been previously filed in this Court, and while a review of the Court's CM/ECF system shows that Plaintiff has previously filed two cases in this Court (<u>Graley v. Southeastern Ohio Legal Services</u>, 1:06-cv-01443-UNA, filed on August 17, 2006 and dismissed on August 23, 2006, and <u>Graley v. Uzan Bank-Hunington</u>, 1:07-00047-RWR, filed on January 8, 2007 and dismissed on September 6, 2007 for lack of subject matter jurisdiction), neither case was filed on July 26, 2006.

As more completely discussed in its Statement of Points and Authorities in Support of its Motion to Dismiss, the Firm asserts a <u>res judicata</u> bar based upon the Complaint Plaintiff filed against the Firm in the Court of Common Pleas of Muskingum County, Ohio. *See* Ohio Complaint, attached to the Motion to Dismiss as "Exhibit B." The Ohio Complaint, which was

dismissed with prejudice, raised the identical cause of action against the Firm that is now asserted by Plaintiff in this Court. Again, Plaintiff fails to rebut any of the arguments asserted by the Firm regarding why the Complaint is barred by the doctrine of res judicata. Regarding the Ohio Complaint, Plaintiff does not dispute that a final judgment was entered on the merits by a court of competent jurisdiction, and moreover, Plaintiff does not even address the issue of res judicata as it pertains to the Ohio Complaint. Once again, given the Plaintiff's lack of opposition, the Firm's Motion to Dismiss on the basis of res judicata should be treated as unopposed and this matter should be dismissed with prejudice.

      **C.**      **Plaintiff's Claim That The Motion To Dismiss Is Untimely Is Without Merit.**

In Plaintiff's Opposition, she appears to assert that the Firm's Motion to Dismiss was not timely filed. Opposition, p. 1. That is incorrect. As confirmed by the Court's CM/ECF system, the Firm was served with the Complaint by certified mail on September 25, 2007. As such, the Firm's responsive pleadings were due on or before October 15, 2007. The Firm timely filed its Motion to Dismiss on October 15, 2007, and Plaintiff herself confirms that she received a copy of the Motion to Dismiss on that date. Opposition, p. 1. Therefore, the Firm's Motion to Dismiss is properly before the Court and should not be considered as untimely.

WHEREFORE, for the reasons stated herein and more fully discussed in its Statement of Points and Authorities in Support of Motion to Dismiss, Defendant Graham & Graham Co., LPA, respectfully requests that this Court dismiss this case with prejudice, as there is no personal jurisdiction over the Firm and the case is barred by the doctrine of res judicata.

                                        GRAHAM & GRAHAM CO., LPA

                                        By: _____/s/_____
                                                    Counsel

Megan S. Ben'Ary (D.C. Bar No. 439340)
LeClairRyan, A Professional Corporation
225 Reinekers Lane, Suite 700
Alexandria, Virginia 22314
703-684-8007
703-684-8075 (facsimile)

Of Counsel:

Charles M. Sims
LeClairRyan, A Professional Corporation
951 East Byrd Street
Eighth Floor
Richmond, Virginia 23219
804-343-5091
804-783-7655 (facsimile)

***Counsel for Defendant***

## CERTIFICATE OF MAILING

I hereby certify that a true copy of the foregoing was mailed, postage prepaid, to the Plaintiff, Dixie Graley Brumlow, 16206 S. River Road, McConnelsville, Ohio 43756, this 26th day of October, 2007.

_____/s/_____
Megan S. Ben'Ary

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| DIXIE GRALEY BRUMLOW, )<br>)<br>    Plaintiff, )<br>) | Case: 1:07-cv-01667-RMC |
| v. )<br>)<br>GRAHAM & GRAHAM CO., LPA, )<br>)<br>    Defendant. ) | |

**ORDER ON MOTION TO DISMISS**

Upon consideration of the Motion to Dismiss filed by Defendant Graham & Graham Co., LPA (the "Firm"), and Plaintiff's opposition thereto, it is hereby

ORDERED that Plaintiff's Complaint is dismissed with prejudice, on the grounds that this Court lacks personal jurisdiction over the Firm pursuant to Fed. R. Civ. P. 12(b)(2) and that the Complaint is barred by the doctrine of res judicata.

 

_____
UNITED STATES DISTRICT JUDGE

Dated: _____

Copies to:

Megan S. Ben'Ary
LeClairRyan, A Professional Corporation
225 Reinekers Lane
Suite 700
Alexandria, Virginia 22314
*Counsel for Defendant*

Charles M. Sims
LeClairRyan, A Professional Corporation
951 East Byrd Street
Eighth Floor
Richmond, Virginia 23219
*Counsel for Defendant*

Dixie Graley Brumlow
16206 S. River Road,
McConnelsville, OH 43756
*Plaintiff pro se*

2