IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| DIXIE GRALEY BRUMLOW, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case: 1:07-cv-01667-RMC |
| v. ) | |
| ) | |
| GRAHAM & GRAHAM CO., LPA, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT GRAHAM & GRAHAM CO., LPA'S RESPONSE TO
PLAINTIFF'S MOTION NOT TO DISMISS**

COMES NOW Defendant Graham & Graham Co., L.P.A. (the "Firm"), incorrectly named in the Complaint as Graham & Graham, by counsel, and submits this Response in Opposition to Plaintiff's Motion Not to Dismiss the Complaint. In support of its Response, the Firm states as follows:

### I.   INTRODUCTION

The Plaintiff, Dixie Graley Brumlow ("Brumlow"), is an Ohio resident who has filed suit against the Firm alleging a claim of legal malpractice. On October 15, 2007, the Firm filed a Motion to Dismiss on the grounds of lack of personal jurisdiction and res judicata. Ms. Brumlow filed her Response to the Firm's Motion to Dismiss on October 19, 2007. The Firm's Motion to Dismiss remains pending before this Court.

On November 20, 2007, Ms. Brumlow's instant Motion, entitled "Motion Not to Dismiss," was docketed by the Court. Ms. Brumlow's Motion centers on the fact that her Complaint is dated July 26, 2006 and was filed September 21, 2007. She also appears to argue that because her prior state action was for a different damage amount, her present Complaint

should not be dismissed. As discussed more fully below, Ms. Brumlow's arguments cannot stand and her Complaint should be dismissed with prejudice.

## II.     FACTUAL BACKGROUND

### A. The Ohio Complaint

On March 5, 2007, Plaintiff filed a Complaint against the Firm in the Court of Common Pleas of Muskingum County, Ohio (the "State Complaint"). In the State Complaint, Plaintiff alleged legal malpractice on the part of the Firm, specifically that the Firm "ruined all [her] lawsuits" by sending a copy of certain documents she had given the Firm to the Muskingum County Grievance Committee. On May 7, 2007, the Firm's motion for summary judgment was granted and the State Complaint was dismissed with prejudice.

### B. The District Court for the District of Columbia Complaint

Ms. Brumlow filed the case at hand with the District Court of the District of Columbia on September 20, 2007[1] (the "Federal Complaint"). Although filed on September 20, 2007, on the front of the Federal Complaint, it states "Date Received on Back Page July 26, 2006." The Firm was originally misled by Ms. Brumlow's insistence in her Response that the date of the Federal Complaint was "July 26, 2006." The Firm searched the Court's online electronic system and was unable to locate a complaint matching that date. However, it is now clear that there is only one Federal Complaint. The Federal Complaint was filed September 20, 2007 with a receipt number of 4616006997 and a date on the face of the document of July 26, 2006.

## III.    ARGUMENT

### A. The State Complaint and the Federal Complaint state the same cause of action.

In her State Complaint, Ms. Brumlow alleges (in relevant part):

---

[1] In the Motion Not to Dismiss, Ms. Brumlow states this lawsuit was filed September 21, 2007, rather than September 20, 2007. A review of the Court's CM/ECF system shows that the Court's records list the date of filing as September 20, 2007.

"I sent my lawsuits to Attorney Ramsbottom. They made a mistake and sent them to the Muskingum Co. Grievance Committee – Ohio…I never told the Graham & Graham Law Firm to send the lawsuits to the Grievance Committee…They ruined all my lawsuits." State Complaint, ¶1.

In the Federal Complaint, Ms. Brumlow alleges (in relevant part):

"I sent my lawsuits, Class Action Lawsuit, Bobby Brumlow Estate, Victim of Crime, Movies & Inventions, Land Contract Lawsuit to Graham & Graham Law Firm. They sent them to the Muskingum County Grievance Comittee [sic] – Ohio. I never ask them to send the lawsuits…to the Muskingum County Grievance Committe [sic], Ohio…Graham & Graham Law Firm ruin [sic] all my lawsuits." Federal Complaint, ¶2.

The State Complaint and the Federal Complaint state the same cause of action, i.e. that the Firm ruined Ms. Brumlow's lawsuits by sending them to the Muskingum County Grievance Committee. The State Complaint was dismissed with prejudice on the merits as barred by the statute of limitations. Ms. Brumlow appears to argue that because she is *allowed* to file two separate complaints in two separate jurisdictions, the Federal Complaint should stand even though the State Complaint alleging the same cause of action was dismissed on the merits. That is a misinterpretation of the legal doctrine of res judicata. Furthermore, Ms. Brumlow appears to suggest that because the damage amount differs between the State Complaint and the Federal Complaint, the Federal Complaint can be brought even though the State Complaint was dismissed on the merits. That is also a misinterpretation of res judicata.

As discussed more fully in the Firm's Motion to Dismiss, Ms. Brumlow's claims in this Court are barred by the doctrine of res judicata. The elements of res judicata are "1) a prior final, valid decision on the merits by a court of competent jurisdiction; 2) a second action involving the same parties, or their privies, as the first; 3) a second action raising claims that were or could have been litigated in the first action; and 4) a second action arising out of the transaction or occurrence that was the subject matter of the previous action." MCM Funding 1997-1, Inc. v. Amware Distrib. Warehouses M&M, LLC, 2006 Ohio 3326, P35 (Ohio Ct. App. 2006). Each of

these elements is satisfied here. The fact that the damage amount differs is irrelevant. As the Federal Complaint is barred by <u>res judicata</u>, Ms. Brumlow's Motion should be denied and her action should be dismissed with prejudice.

**B. The Complaint should be dismissed for lack of personal jurisdiction.**

Ms. Brumlow's Motion touches briefly on the Firm's argument that this Court lacks personal jurisdiction over the Firm and therefore this action should be dismissed pursuant to Fed. R. Civ. P. 12(b)(2). The Motion states "Refer to Complaint for jurisdiction." The Firm has examined the Federal Complaint at length and can find no basis for this Court to assert personal jurisdiction over the Firm.

As discussed more fully in the Firm's Motion to Dismiss, this Court lacks personal jurisdiction over the Firm. All of the events giving rise to the allegations in the Federal Complaint occurred in Ohio. Ms. Brumlow is an Ohio resident and the Firm is an Ohio partnership incorporated under the laws of Ohio with its principal place of business in Ohio. The Firm is not incorporated to do business in the District of Columbia and has no regular place of business in the District of Columbia. No cause of action arises under the District of Columbia's Long-Arm statute. Thus, this Court lacks personal jurisdiction over the Firm and the Complaint should be dismissed with prejudice.

### IV.   CONCLUSION

For the foregoing reasons, the Firm requests that this Court deny Plaintiff's Motion Not to Dismiss and enter an Order dismissing Plaintiff's Complaint with prejudice.

WHEREFORE, Defendant Graham & Graham Co., L.P.A. respectfully requests that Plaintiff's Motion Not to Dismiss be denied, that the Complaint be dismissed with prejudice, and

that it be awarded its attorneys' fees and costs, together with such other and further relief as the Court may deem just and proper.

                                            GRAHAM & GRAHAM CO., LPA

                                            By: _____/s/_____
                                                      Counsel

Megan S. Ben'Ary (D.C. Bar No. 439340)
LeClairRyan, A Professional Corporation
225 Reinekers Lane, Suite 700
Alexandria, Virginia 22314
703-684-8007
703-684-8075 (facsimile)

Of Counsel:

Charles M. Sims
LeClairRyan, A Professional Corporation
951 East Byrd Street
Eighth Floor
Richmond, Virginia 23219
804-343-5091
804-783-7655 (facsimile)

*Counsel for the Defendant*

## CERTIFICATE OF MAILING

     I hereby certify that a true copy of the foregoing was mailed, postage prepaid, to the Plaintiff, Dixie Graley Brumlow, 16206 S. River Road, McConnelsville, Ohio 43756, this 4th day of December, 2007.

                                              _____/s/_____
                                              Megan S. Ben'Ary