IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| DIXIE GRALEY BRUMLOW, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case: 1:07-cv-01667-RMC |
| v. | ) |
| | ) |
| GRAHAM & GRAHAM CO., LPA, | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT GRAHAM & GRAHAM CO., LPA'S
## MOTION TO STRIKE PLAINTIFF'S THIRD MOTION "NOT TO DISMISS"

COMES NOW Defendant Graham & Graham Co., LPA (the "Firm"), incorrectly named in the Complaint as Graham & Graham, by counsel, and moves this Court for an Order striking the Plaintiff's Third Motion "Not to Dismiss." In support of this Motion, the Firm relies on the accompanying Statement of Points and Authorities.

WHEREFORE, Defendant Graham & Graham Co., LPA respectfully requests that the Plaintiff's Third Motion "Not to Dismiss" be stricken from the docket, that the Plaintiff be barred from filing any future pleadings which advance the same issues already before this Court, and that the Firm be awarded its attorneys' fees and costs incurred in replying to duplicate motions filed by the Plaintiff.

GRAHAM & GRAHAM CO., LPA

By: _____/s/_____
        Counsel

Megan S. Ben'Ary (D.C. Bar No. 439340)
LeClairRyan, A Professional Corporation
225 Reinekers Lane, Suite 700
Alexandria, Virginia 22314
703-684-8007
703-684-8075 (facsimile)

Of Counsel:

Charles M. Sims
LeClairRyan, A Professional Corporation
951 East Byrd Street
Eighth Floor
Richmond, Virginia 23219
804-343-5091
804-783-7655 (facsimile)

*Counsel for the Defendant*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| DIXIE GRALEY BRUMLOW, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>GRAHAM & GRAHAM CO., LPA, )<br>)<br>Defendant. ) | Case: 1:07-cv-01667-RMC |

**DEFENDANT GRAHAM & GRAHAM CO., LPA'S
STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO STRIKE PLAINTIFF'S THIRD MOTION "NOT TO DISMISS"**

COMES NOW Defendant Graham & Graham Co., L.P.A. (the "Firm"), incorrectly named in the Complaint as Graham & Graham, by counsel, and submits this Statement of Points and Authorities in support of its Motion to Strike Plaintiff's Third Motion "Not to Dismiss."

### I.   BACKGROUND

1. The Plaintiff, Dixie Graley Brumlow ("Brumlow"), filed her Complaint alleging legal malpractice against the Firm on September 20, 2007.

2. On September 28, 2007, Ms. Brumlow submitted an Affidavit of Service to the Court ("Affidavit of Service", attached hereto as Exhibit A). The Affidavit of Service shows that Lori L. Miller ("Miller") of the Firm accepted service on September 25, 2007, giving the Firm until October 15, 2007 to file responsive pleadings under the Federal Rules.

3. In response, the Firm timely filed its Motion to Dismiss and Statement of Points and Authorities in Support Thereof on October 15, 2007.

4. On October 19, 2007, Ms. Brumlow filed her Opposition to the Firm's Motion to Dismiss.

5. On October 26, 2007, the Firm filed its Reply in Support of its Motion to Dismiss.

6. On November 20, 2007, Ms. Brumlow filed her First Motion "Not to Dismiss."

7. On December 3, 2007, the Firm timely filed its Opposition to the First Motion "Not to Dismiss."

8. On December 12, 2007, Ms. Brumlow filed her Second Motion "Not to Dismiss."

9. On December 24, 2007, the Firm timely filed its Opposition to the Second Motion "Not to Dismiss."

10. On December 31, 2007, Ms. Brumlow filed her Third Motion "Not to Dismiss."

## II.  ARGUMENT

### A. The Arguments Raised By Ms. Brumlow In Her Third Motion "Not To Dismiss" Have Already Been Fully Briefed.

Ms. Brumlow has filed three separate Motions "Not to Dismiss" in this case's brief history before this Court. Each Motion reiterates the same basic arguments: 1) that while the Complaint was filed on September 20, 2007, the Complaint was actually received by the Court on July 26, 2006; and 2) that the Firm's responsive pleadings to the Complaint were untimely. In addition, Ms. Brumlow advanced the very same arguments in her Opposition to the Firm's Motion to Dismiss.

A review of the written record before this Court confirms that the Firm has responded to Ms. Brumlow's arguments on three prior occasions, by filing an opposition to both of Ms. Brumlow's prior Motions "Not to Dismiss"[1] and by filing a Reply in Support of its Motion to Dismiss, which addressed the issues set forth in Ms. Brumlow's Opposition. Therefore, the issues raised in the Third Motion "Not to Dismiss" have been fully briefed on three prior occasions: the Firm's Motion to Dismiss and its Reply in Support of its Motion, Ms. Brumlow's First Motion "Not to Dismiss," and Ms. Brumlow's Second Motion "Not to Dismiss."

With her continued filings, Ms. Brumlow has had multiple chances to advance the same arguments and the Firm has exhausted considerable resources in its efforts to respond to motions concerning issues that have been fully briefed on several occasions. The Third Motion "Not to Dismiss" does not raise new issues or arguments and once again, the Firm must respond or risk the motion being treated as unopposed. Ms. Brumlow should not be permitted to misuse both the Firm's and the Court's resources in continuing to file duplicative motions. Therefore, the Third Motion "Not to Dismiss" should be stricken for failing to put forth new issues before the Court. For the same reasons, any future filings addressing the issues already before this Court should be barred as immaterial and redundant.

**B.     Ms. Brumlow Has Misrepresented Material Facts To The Court.**

The Firm recognizes that the Court frequently grants liberal leeway to *pro se* litigants and their pleadings. However, Ms. Brumlow's latest Motion "Not to Dismiss"

---

[1] In the interests of judicial economy, the Firm has filed the instant Motion to Strike, rather than filing an opposition to the Third Motion "Not to Dismiss," which would only restate the rebuttals the Firm has made on three prior occasions. To the extent that a response to Ms. Brumlow's Third Motion "Not to Dismiss" is required, the Firm sets forth all arguments made previously in response thereto.

3

strains this courtesy to the breaking point as she has either ignored or misrepresented the contents of the written record before the Court.

In her Third Motion "Not to Dismiss," Ms. Brumlow again asserts that the Firm was served on September 24, 2007, such that its responsive pleadings were not timely filed. In support of her arguments, she attaches the U.S. Postal Service Certified Mail Receipt, confirming that she mailed the Complaint to the Firm on September 24, 2007. However, the date of mailing is not the date of service. Ms. Brumlow should be well aware that the Firm did not receive the Complaint until September 25, 2007, as she attached the U.S. Postal Service Domestic Return Receipt to her Affidavit of Service, which she submitted to the Court on September 28, 2007.[2] The U.S. Postal Service Domestic Return Receipt shows that Ms. Miller signed for the Complaint on September 25, 2007. The Court accurately reflects September 25, 2007 as the date of service in its electronic system and noted that the Firm should file its responsive pleadings by October 15, 2007. The Firm did so.

Before she mailed it to the Court, Ms. Brumlow was in receipt of the Domestic Return Receipt with Ms. Miller's signature and therefore knows or should know that the Firm was served on September 25, 2007, not September 24, 2007, as she has continually argued to this Court. The Firm is forced to conclude that Ms. Brumlow is either willfully misrepresenting material facts to the Court or is willfully ignoring the very documentary evidence she herself submitted to the Court. The Third Motion "Not to Dismiss" once

---

[2] Furthermore, Ms. Brumlow submitted a Certificate of Service to the Court on September 28, 2007, in which she states that she mailed the Complaint on September 24, 2007. Certainly, the U.S. Postal Service did not deliver the Complaint on the very day it was mailed, such that Ms. Brumlow's argument that the Firm was served on September 24, 2007 is without merit.

again advances false information with regards to the date of service and consequently should be stricken.

### III.   CONCLUSION

For the foregoing reasons, the Firm requests that this Court enter an Order striking Plaintiff's Third Motion "Not to Dismiss" and awarding the Firm its attorneys' fees expended in replying to duplicate motions[3]. Further, the Firm requests that all future pleadings filed by Ms. Brumlow which advance the same issues already before this Court be stricken from the docket.

WHEREFORE, Defendant Graham & Graham Co., LPA respectfully requests that the Plaintiff's Third Motion "Not to Dismiss" be stricken from the docket, that the Plaintiff be barred from filing any future pleadings which advance the same issues already before this Court, and that the Firm be awarded its attorneys' fees and costs incurred in replying to duplicate motions filed by the Plaintiff.

GRAHAM & GRAHAM CO., LPA

By: _____/s/_____
         Counsel

Megan S. Ben'Ary (D.C. Bar No. 439340)
LeClairRyan, A Professional Corporation
225 Reinekers Lane, Suite 700
Alexandria, Virginia 22314
703-684-8007
703-684-8075 (facsimile)

---

[3] In the event this Court grants the Motion to Strike, the Firm will submit an affidavit setting forth the attorneys' fees and costs expended in responding to the duplicate motions.

Of Counsel:

Charles M. Sims
LeClairRyan, A Professional Corporation
951 East Byrd Street
Eighth Floor
Richmond, Virginia 23219
804-343-5091
804-783-7655 (facsimile)

*Counsel for the Defendant*

## CERTIFICATE OF MAILING

I hereby certify that a true copy of the foregoing was mailed, postage prepaid, to the Plaintiff, Dixie Graley Brumlow, 16206 S. River Road, McConneslville, Ohio 43756, this 11th day of January, 2008.

/s/
Megan S. Ben'Ary

7

For The District of Columbia

Plaintiff
Dixie Graley Brunlow

vs

Graham & Graham
Lawfir
Defendant

Civil Action
! 1:07CV-01667
RMC
9/20/2007
Personal Inj
Malpractice
Recieved July 26 2006

Clerk:
Nancy Mayer Worthington
US District Court

AFFIDAVIT OF SERVICE

I Dixie Graley Brunlow hereby declare that on _____ day of _____ 20___, I mailed a copy of the Summons and Complaint Certified Mail Return Recipt - Requested to the Graham & Graham Lawfirm Attached here to is the Certified Green Card Acknowledging Service.

[Certified mail return receipt card addressed to:]
Graham & Graham
7. N 4th 3rd Floor
Zv Ohio 43701

Received by: Lori L Miller
7005 1160 0001 3955 5879

RECEIVED
SEP 28 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

740-674-6918
Dixie Graley Brunlow
Dixie Graley Brunlow
10206 S River Rd
McConnesville, OH 43756

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| DIXIE GRALEY BRUMLOW, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case: 1:07-cv-01667-RMC |
| v. | ) |
| | ) |
| GRAHAM & GRAHAM CO., LPA, | ) |
| | ) |
| Defendant. | ) |

## ORDER ON MOTION TO STRIKE

Upon consideration of the Motion to Strike Plaintiff's Third Motion "Not to Dismiss" filed by Defendant Graham & Graham Co., LPA (the "Firm"), and any opposition filed by Plaintiff thereto, it is hereby

ORDERED that Plaintiff's Third Motion "Not to Dismiss" is stricken from the docket, that the Plaintiff is barred from filing any future pleadings which advance the same issues already before this Court, and that the Firm is awarded its attorneys' fees and costs incurred in replying to duplicate motions filed by the Plaintiff.

_____
UNITED STATES DISTRICT JUDGE

Dated: _____

Copies to:

Megan S. Ben'Ary
LeClairRyan, A Professional Corporation
225 Reinekers Lane
Suite 700
Alexandria, Virginia 22314
*Counsel for Defendant*

Charles M. Sims
LeClairRyan, A Professional Corporation
951 East Byrd Street
Eighth Floor
Richmond, Virginia 23219
*Counsel for Defendant*

Dixie Graley Brumlow
16206 S. River Road,
McConnelsville, OH 43756
*Plaintiff pro se*