# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **DIXIE GRALEY BRUMLOW,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 07-1667 (RMC)** |
| | ) | |
| **GRAHAM & GRAHAM CO., LPA,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## MEMORANDUM OPINION

Dixie Graley Brumlow, proceeding *pro se*, sues Graham & Graham Co., LPA, a law firm, for alleged legal malpractice. Because Ms. Brumlow has previously advanced the same claims in the Court of Common Pleas in Muskingum County, Ohio, where she lost, and because the Court does not have personal jurisdiction over Defendant Graham & Graham Co., LPA, the law firm's motion to dismiss will be granted.

## I. BACKGROUND

In early 2006, Plaintiff Dixie Graley Brumlow delivered a variety of documents to the law firm of Graham & Graham Co., LPA ("Graham & Graham"), in Zanesville, Ohio, and requested representation. Robert P. Graham's review of the materials made it "abundantly clear" that Ms. Brumlow had "a desire to file multiple lawsuits, against multiple people, over multiple issues." *See* Pl.'s (First) Mot. Not to Dismiss, Ex. 4, Letter from Robert P. Graham to Dixie Graley Brumlow, dated Feb. 28, 2006 (exhibits numbered by the Court) [Dkt. #7]. The law firm declined the representation because of conflicts and returned all of the materials to Ms. Brumlow. *Id.* For unstated reasons, Elaine A. Hurt, a paralegal at Graham & Graham, sent the materials to the

Muskingum County Certified Grievance Committee on February 17, 2006. *Id.*, Ex. 1, Letter from Elaine A. Hurt to Jeff Pattison, Esq., Chair, Muskingum County Certified Grievance Committee. By letter dated February 27, 2006, Ms. Brumlow asked the paralegal to get copies of the records that she sent to the grievance committee "as they are part of all my lawsuits." *Id.*, Ex. 2, Letter from Dixie Graley Brumlow to Elaine A. Hurt. In April 2006, Ms. Brumlow received an additional five (5) copies of the Grievance Committee complaint form from the Muskingum County Bar Association Certified Grievance Committee in Zanesville. *Id.*, Ex. 3. The record does not reveal what happened next concerning other lawyers or law firms.

However, on March 5, 2007, Ms. Brumlow filed suit, *pro se*, against Graham & Graham in the Court of Common Pleas in Muskingum County, Ohio, alleging legal malpractice (the "State Complaint"). Def.'s Mot. to Dismiss at 1 ¶ 4. In her State Complaint, Ms. Brumlow alleged, in relevant part:

> I sent my lawsuits to Attorney Ramsbottom. They made a mistake and sent them to the Muskingum Co. Grievance Committee – Ohio. . . . I never told the Graham & Graham Law Firm to send the lawsuits to the Grievance Committee. . . . They ruined all my lawsuits.

State Compl. ¶ 1. Graham & Graham filed a motion for summary judgment, arguing that Ms. Brumlow's March 5, 2007, State Complaint was filed more than one year after Mr. Graham's February 28, 2006, letter declining to represent her and thus was barred by the one-year statute of limitations. Def.'s Mot. to Dismiss at 2 ¶ 6. Ms. Brumlow's response did not dispute that Graham & Graham informed her, in writing by a copy of the paralegal's letter, that copies of her documents had been provided to the Muskingum County Bar Association's Certified Grievance Committee, "the circumstances which the complaint alleges to have constituted legal malpractice." *Dixie Graley*

*Brumlow v. Graham & Graham Co., LPA*, Judgment Entry on Def.'s Mot. for Summ. J., Case No. CA2007-0142 (Muskingum County Ct. Com. Pl., May 7, 2007). The law firm's motion for summary judgment was granted and Ms. Brumlow's complaint was dismissed with prejudice, at her cost. *Id.*

Not to be deterred, Ms. Brumlow filed suit in this Court on September 20, 2007 (the "Federal Complaint"). She alleges:

> I sent my Lawsuits, Class Action Lawsuit, Bobby Brumlow Estate, Victim of Crime, Movies and Inventions, Land Contract Lawsuit to Graham + Graham Law Firm. They sent them to the Muskingum County Grievance Committee – Ohio. I never ask[ed] them to send the Lawsuits + Bobby Brumlow Estate, Victim of Crime, Class Action Lawsuit, Land Contract Lawsuit, movies + Inventions to the Muskingum County Grievance Committe[e], Ohio. . . . Graham + Graham law firm ruin[ed] all my lawsuits.

Fed. Compl. ¶ 1. Ms. Brumlow asks for $200,000 and to "get all my lawsuits back." *Id.*

Graham & Graham filed a Motion to Dismiss on October 15, 2007 [Dkt. #4]. By way of opposition, Ms. Brumlow filed her (First) Motion Not to Dismiss on October 19, 2007 [Dkt. #7], and Graham & Graham filed a Reply on October 26, 2007 [Dkt. #8]. Ms. Brumlow filed a (Second) Motion Not to Dismiss on October 31, 2007 (docketed on November 20, 2007) [Dkt. ##10-11], to which Graham & Graham filed an Opposition on December 3, 2007 [Dkt. #12]. Ms. Brumlow then filed a (Third) Motion Not to Dismiss on December 12, 2007 [Dkt. #13], and Graham & Graham filed an Opposition on December 24, 2007 [Dkt. #14]. The matter being fully briefed, it is ready for decision.

## II. LEGAL STANDARDS

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges

the adequacy of a complaint on its face, testing whether a plaintiff has properly stated a claim. A sufficient complaint "contains a short and plain statement of the claim showing that the pleader is entitled to relief" enough "to give a defendant fair notice of the claims against him." *Ciralsky v. CIA*, 355 F.3d 661, 668-70 (D.C. Cir. 2004) (quoting Fed. R. Civ. P. 8(a)). Although a complaint does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted).

The court must treat the complaint's factual allegations — including mixed questions of law and fact — as true, drawing all reasonable inferences in the plaintiff's favor. *Macharia v. United States*, 334 F.3d 61, 64, 67 (D.C. Cir. 2003); *Holy Land Found. for Relief & Dev. v. Ashcroft*, 333 F.3d 156, 165 (D.C. Cir. 2003); *see also Aktieselskabet Af 21. Nov. 2001 v. Fame Jeans, Inc.*, No. 07-7105, 2008 U.S. App. LEXIS 9627, at *14 (D.C. Cir. Apr. 29, 2008) (under Rule 12(b)(6), "a court must construe a complaint liberally in the plaintiff's favor, accepting all of the allegations in the complaint as true, even if doubtful in fact") (citing *Twombly*, 127 S. Ct. at 1965). Even so, the facts alleged "must be enough to raise a right to relief above the speculative level," *Twombly*, 127 S. Ct. at 1965, and the court need not accept as true inferences unsupported by facts set out in the complaint or legal conclusions cast as factual allegations. *Aktieselskabet*, 2008 U.S. App. LEXIS 9627, at *19 n.4; *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). "A complaint needs *some* information about the circumstances giving rise to the claims." *Aktieselskabet*, 2008 U.S. App. LEXIS 9627, at *19 n.4.

In deciding a 12(b)(6) motion, the Court may consider only "the facts alleged in the

complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice." *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002) (citation omitted). However, the Court may, in its discretion, consider matters outside the pleadings and thereby convert a Rule 12(b)(6) motion into a motion for summary judgment under Rule 56. *See* Fed. R. Civ. P. 12(b); *Yates v. District of Columbia*, 324 F.3d 724, 725 (D.C. Cir. 2003).

### III.  DISCUSSION

Graham & Graham contends that the Court lacks jurisdiction because Ms. Brumlow's claims are barred by *res judicata*, since she sued and lost on the merits in Ohio, and there is no personal jurisdiction over the Ohio law firm in a D.C. court. The Court agrees on both points and will dismiss the complaint.

#### A.  *Res Judicata*

Ms. Brumlow is attempting to re-litigate in federal court a claim that has already been dismissed on the merits in state court. The State Complaint filed in Ohio was dismissed with prejudice; it relied on the same set of facts for its allegations of malpractice by Graham & Graham. A comparison of the basic allegation in both the State and Federal Complaints, quoted above, demonstrates that this is the same lawsuit, between the same parties, on which there has already been a final judgment on the merits from a court of competent jurisdiction. *See Evans v. Chase Manhattan Morg. Corp.*, No. 04-2185, 2007 U.S. Dist. LEXIS 20773, at *15 (D.D.C. Mar. 23, 2007) (identifying the elements of *res judicata* as (1) an identity of parties; (2) a judgment from a court of competent jurisdiction; (3) a final judgment on the merits; and (4) an identity of the cause of action). There is no doubt that "a federal court must give to a state-court judgment the same preclusive effect

as would be given that judgment under the law of the State in which the judgment is rendered." *Migra v. Warren City Sch. Dist. Bd. of Ed.*, 465 U.S. 75, 81 (1984).

In her (First) Motion Not to Dismiss, Ms. Brumlow argues that the federal case was filed first, on July 26, 2006, while the Ohio case was not filed until March 5, 2007. She also asserts that "Graham + Graham law firm Co. LPA never sent motion to dismiss to Plaintiff until Oct 15, 2007 and they received service on Sep 24, 2007." Pl.'s (First) Mot. Not to Dismiss at 1. These arguments fail. The current complaint was filed on the Court's Case Management/Electronic Case Filing ("CM/ECF") system by the Clerk's Office on September 20, 2007. Graham & Graham was served by certified mail on September 25, 2007. A responsive pleading was due on or before October 15, 2007, which is the date on which the motion to dismiss was filed.

In her (Second) Motion Not to Dismiss, Ms. Brumlow argues that the federal case is not the same case as the one in Ohio because "i[t] was another case and was summary judgement [sic] and was not the same amount." Pl.'s (Second) Mot. Not to Dismiss at 1. The Court recognizes that Ms. Brumlow seeks a greater amount of money in this federal lawsuit and that her Federal Complaint is longer and covers her lawsuits in greater detail than did her State Complaint. Nonetheless, both the State Complaint and the Federal Complaint allege that Graham & Graham "ruined all my lawsuits" and therefore owes her money damages. These are the same legal claims, between the same parties, that were decided in Muskingum County Court against Ms. Brumlow. The increased amount of money that Ms. Brumlow seeks does not change those facts. The case cannot proceed here because it is barred by *res judicata*.

In her (Third) Motion Not to Dismiss, Ms. Brumlow argues that she:

sent (Lawsuit) Complaint to Graham & Graham LPA Defendant on

> September 24, 2007. I sent the green card to the Clerk of Court District of
> Columbia. The Defendant never respond[ed] to the Plaintiff until Oct 15,
> 2007. This is not a tim[e]l[]y manner. The Court said 20 days. Plaintiff
> says it was 22 days. Therefore the Court should grant the case to Plaintiff
> and dismiss Defendant motion to dismiss.

Pl.'s (Third) Mot. Not to Dismiss at 1. The Court's docket shows that the Complaint was filed on

CM/ECF on September 20, 2007. *See* Dkt. # 1. Graham & Graham was served with the Complaint

on September 25, 2007, not September 24, 2007. *See* Return of Service/Affidavit [Dkt # 2].

Graham & Graham filed a timely motion to dismiss on October 15, 2007. Therefore, its response

was not late and Ms. Brumlow is not entitled to a judgment in her favor.

      B. *Personal Jurisdiction*

      Even if the Complaint were not barred by the previous litigation in Ohio, the Court

would nonetheless dismiss it because there is no personal jurisdiction over Graham & Graham.

      As the plaintiff, Ms. Brumlow bears the burden of proving that the Court has personal

jurisdiction over her defendant. *De Jesus Baltierra v. W. Va. Bd. of Med.*, No. 03-5305, 2004 U.S.

App. LEXIS 11279, at *3-4 (D.C. Cir. June 7, 2004); *Reuber v. United States*, 750 F.2d 1039, 1052

(D.C. Cir. 1984); *Tom Sawyer Prods., Inc. v. Progressive Partners Achieving Solutions, Inc.*, No.

07-1304, 2008 U.S. Dist. LEXIS 36344, at *6 (D.D.C. May 6, 2008). This she has not

accomplished.

      Personal jurisdiction can be "general" or "specific." *Helicopteros Nacionales de*

*Columbia, S.A. v. Hall*, 466 U.S. 408 (1984). In D.C., general personal jurisdiction is traditionally

based on whether a defendant's contacts with the District were "continuous and systematic."

*Gorman v. Ameritrade Holding Corp.*, 293 F.3d 506, 509-10 (D.C. Cir. 2002). In contrast, specific

personal jurisdiction examines 1) whether there is a basis for jurisdiction under the state's long arm

statute, and if so, 2) whether sufficient minimum contacts exist to satisfy due process. *See Int'l Shoe Co. v. Washington*, 326 U.S. 310, 311, 316-17 (1945); *Heller v. Nicholas Applegate Capital Mgmt., LLC*, 498 F. Supp. 2d 100 (D.D.C. 2007). Neither of these standards is met.

All of the events giving rise to the Federal Complaint occurred in Ohio. Ms. Brumlow is an Ohio resident and Graham & Graham is an Ohio partnership incorporated under the laws of Ohio with its principal place of business in Ohio. Graham & Graham does not have an office in the District of Columbia and is not incorporated here. Ms. Brumlow was neither injured in the District of Columbia nor injured in Ohio by any action originating in the District of Columbia. *See Ruhrgas Ag v. Marathon Oil Co.*, 526 U.S. 574, 584 (stating that personal jurisdiction is "'an essential element of the jurisdiction of a district . . . court,' without which the court is 'powerless to proceed to an adjudication'" on the merits) (internal citations omitted); *Adekunle v. Stingley*, No. 85-02409, U.S. App. LEXIS 9102, at *2-3 (D.C. Cir. Apr. 10, 1987) (holding that the court had no personal jurisdiction over the defendants because the defendants were residents of Virginia, and because the automobile collision occurred in Virginia, even though the accident occurred on a major thoroughfare connecting Virginia with the District of Columbia); *Ali v. U.S. Parole Comm'n*, No. 06-0235, 2007 U.S. Dist. LEXIS 20777, at *6-10 (D.D.C. Mar. 23, 2007), *aff'd*, No. 07-5134, 2007 U.S. App. LEXIS 27270 (D.C. Cir. Nov. 23, 2007) (holding that the court did not have personal jurisdiction over the defendants because the plaintiff did not allege that the defendants transacted any business in the District of Columbia, that the defendants had any personal connection with the District of Columbia, or that the plaintiff suffered any injury in the District of Columbia).

Since the Court lacks personal jurisdiction over the Defendant, Ms. Brumlow cannot proceed with this lawsuit here.

## IV.  CONCLUSION

Ms. Brumlow litigated her malpractice case against Graham & Graham in Ohio, where a court of competent jurisdiction dismissed her Ohio Complaint with prejudice.  She is therefore barred from bringing a new lawsuit in federal court between the same parties based on the same essential claims.  In addition, the Court lacks personal jurisdiction over the Defendant.  The Federal Complaint will be dismissed with prejudice.  Graham & Graham's request for attorneys' fees and costs shall be denied.  A memorializing order accompanies this Memorandum Opinion.


DATE: May 28, 2008                                    _____/s/_____
                                                      ROSEMARY M. COLLYER
                                                      United States District Judge